**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**ULISES LEODAN REYNOZA TELLEZ,**

     **Petitioner,**

**v.**                                 **Case No. 3:26-cv-1711-AW-MAL**

**WARDEN OF WALTON
CORRECTIONAL INSTITUTION,
et al.,**

     **Respondents.**

_____/

**ORDER DENYING REQUEST FOR
TEMPORARY RESTRAINING ORDER**

Petitioner Ulises Leodan Reynoza Tellez initiated this case by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Within that petition is a request for a temporary restraining order prohibiting Respondents from transferring Petitioner outside the court's jurisdiction while the Petition is pending. ECF No. 1 at 3, 14-15. This order denies that request.

"The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be

1

required." Fed. R. Civ. P. 65(b)(1). Here, there has been no such showing.[1] That failure alone is sufficient to deny the TRO.

Moreover, Petitioner has not shown immediate irreparable harm that would justify entry of a TRO without giving Respondents an opportunity to be heard. Petitioner contends a transfer could affect access to counsel or negatively affect access to appropriate medical care. But he has not shown either to be so. His counsel is in Miami, which is some 600 miles from Walton County. There is no showing that any impending transfer would make access to counsel appreciably more difficult. Nor has Petitioner shown that a transfer would make it less likely he would receive adequate medical care. Finally, Petitioner has not shown that a transfer would deprive this court of jurisdiction (assuming it has jurisdiction now). *Cf. Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").

---

[1] There also must be an affidavit or a verified complaint showing the need for immediate relief. *Id.* Although the petition purports to be verified by Petitioner, it bears only the Petitioner's typed electronic signature, which does not suffice.

The request for a temporary restraining order is DENIED. This is without prejudice to Petitioner's filing a preliminary injunction motion with notice to Respondents.

SO ORDERED on March 11, 2026.

s/ *Allen Winsor*
Chief United States District Judge